02-10-191-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00191-CR

 

 


 
 
 Luis Alberto Ramirez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM Criminal District Court No. 2
OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Appellant Luis Alberto Ramirez
challenges the sufficiency of the evidence to support his convictions for
aggravated sexual assault.  We affirm.

          Appellant was tried before a jury on four
counts of aggravated sexual assault of a child. 
After both sides had rested and closed, the State waived two counts and
the jury convicted Appellant of the remaining two.  Specifically, the jury found that in Tarrant
County, Texas (1) on or about October 15, 2008, Appellant intentionally or
knowingly caused the sexual organ of A.R., a child younger than fourteen years of
age who was not Appellant’s spouse, to contact his sexual organ; and (2) on or
about October 10, 2008, Appellant intentionally or knowingly caused A.R.’s
sexual organ to contact Appellant’s mouth.  See
Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (Vernon
Supp. 2010).  Appellant elected to have the
trial court assess his punishment, and the trial court sentenced him to twenty-five
years’ confinement on each count, to run concurrently.

          On appeal, Appellant contends that the
evidence is legally and factually insufficient to support the jury’s verdicts.  Because the court of criminal appeals has
recently overruled Clewis,
we review all sufficiency of the evidence claims under the standard set out in Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979).  See Brooks v. State, 323 S.W.3d 893, 912
(Tex. Crim. App. 2010) (overruling Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App.1996)).  Using
that standard, we assess all the evidence in the light most favorable to the
verdict to determine whether any rational trier of
fact could find the essential elements of the crime beyond a reasonable doubt.  Jackson, 443 U.S. at 318–19, 99 S. Ct. at 2789; Poindexter v. State, 153 S.W.3d 402, 405
(Tex. Crim. App. 2005).

          At trial, A.R. testified that Appellant,
who was her father’s cousin, came to live with her and her family when she was
twelve or thirteen years old.  She also testified
that sometime before he moved in with them he had taken her to a run-down
trailer where he pulled down her shorts and put his mouth on her private parts.
 She further testified that at the end of
August 2008, after he had moved in, he took her to the Valley View Motel and
had sex with her.  Specifically, she
testified that, while at the motel, Appellant “put his middle part into mine”
and that he put his mouth on her female sexual organ.  She also testified that he used a condom,
which he told her “broke.”  The State
introduced in evidence a registration card from the Valley View Motel in
Tarrant County, Texas, showing that a “Ramirez, Luis Alberto” had rented room
number five on August 31, 2008.

          A.R. further testified that more than
once Appellant had sexual intercourse and oral sex with her at her home in
Mansfield––sometimes in her room while her younger sisters were sleeping, and
sometimes in the living room.

          A.R. testified that she eventually
became pregnant and that Appellant had obtained some pregnancy tests and told
her how to take them.

          After her mother discovered that A.R.
was pregnant, A.R. told her that she believed Appellant was the father.  Appellant and A.R.’s mother took her to an
abortion clinic in Dallas where the pregnancy was terminated.

          A.R. testified that Appellant was the
father of the baby and that there was no possibility that anyone else was.  She also testified that Appellant moved out
of her family’s house after the abortion and that all of the sexual acts he
perpetrated on her occurred before she turned fourteen.

          A.R.’s mother, Clara Luna Garcia Ramirez,
testified that after she discovered A.R. was pregnant, Appellant admitted that
he had sexually assaulted and impregnated her.  Clara further testified that she and Appellant
took A.R. to an abortion clinic and that Appellant paid for the abortion.

          Texas Department of Child and Family
Protective Services Investigator Joy Hallum testified
that she spoke with Appellant on the telephone about the allegations and that Appellant
admitted that he had sexual relations with A.R. 
Specifically, Hallum testified that, “[H]e
admitted to me that, yes, he had had a sexual relationship with her and that he
wouldn’t deny that.”

          Fort Worth Police Detective Michael Coursey testified that Appellant admitted to him during a
telephone conversation that he had sexually abused A.R.  Specifically, the detective testified: “Well,
I told him what the -- -- what the investigation was about, that [A.R.] had
said they had had sexual intercourse and that had resulted in her being
pregnant.  And -- -- and I -- -- and in
my report I put in quotes exactly what he told me.  He said, ‘I’m not going to lie to you, yes,
what she said.’”

          The jury’s verdicts are supported by A.R.’s
testimony describing the sexual assaults by Appellant and her resulting
pregnancy.  The verdicts are further
supported by not one, not two, but three separate admissions of guilt by
Appellant.  Under the appropriate
standard of review, the evidence is sufficient to uphold Appellant’s conviction
on both counts.  See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Poindexter, 153 S.W.3d at 405.  Accordingly, we overrule Appellant’s sole
point and affirm the judgment.

 

LEE GABRIEL

JUSTICE

 

PANEL:  GARDNER, MEIER, and
GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 27, 2011











[1]See Tex. R. App. P. 47.4.